IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLINA MORACA,

       Plaintiff(s),                                  07cv1270

                                                           **ELECTRONICALLY FILED**

    v.

ACCREDITED HOME LENDERS, INC., and
FELIX DeLUCA in his capacity as Sheriff of the
County of Beaver, Pennsylvania,

       Defendant(s).

## Memorandum Order

And now, this 24th day of September, 2007, upon consideration of the foregoing Plaintiff's Request for Temporary Restraining Order and/or Preliminary Injunction Regarding Defendant Beaver County Sheriff Pursuant to F.R.C.P. 65(a)(B), and after oral argument on September 21, 2007, and supplemental filing by plaintiff (received via fax on 9/21/07), it is hereby ORDERED that the same is DENIED. The Court will not grant an injunction halting the execution of the writ of possession scheduled to be executed at 10:00 a.m. September 21, 2007 and rescheduled for 1:30 p.m. on September 24, 2007. The reasons for the Court's decision are as follows: First, the plaintiff has an adequate remedy at law; Second, equitable principles do not necessitate relief because plaintiff has lived in her home without paying rent or mortgage for approximately seven (7) years; and Third (as discussed more fully below) the matter is currently being litigated in state court and the Court will abstain from hearing the underlying dispute at this time.

The doctrine of abstention provides that a federal court may properly abstain from

exercising its jurisdictional powers when to do so would impermissibly interfere with ongoing state proceedings.  See generally, Samuels v. Mackell, 401 U.S. 66 (1971); New Jersey v. Chesimard, 555 F.2d 63 (3d Cir. 1977).  In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court determined that the "interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."  Younger v. Harris, 401 U.S. 37.  Although decided in the context of state criminal proceedings, the Younger doctrine is fully applicable in civil proceedings in which important state interests are involved.  Moore v. Sims, 442 U.S. 415, 422 (1979).

However, federal deference to state proceedings pursuant to Younger is not absolute.  The following predicates must be met in order for a federal court to abstain under the Younger doctrine: (1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise federal claims.  Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003).  Younger abstention will only be appropriate when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings.  Marks v. Stinson, 19 F.3d 873 (3d Cir. 1994) (citations omitted).  Furthermore, even where the requirements of Younger are met, abstention is not applicable if the federal plaintiff can demonstrate extraordinary circumstances such that deference to state proceedings will present a "significant potential for irreparable harm."  Anthony, 316 F.3d at 418.

Here, all three predicates for abstention have been met.  First, this matter is currently being litigated in state court; in fact, a stay has already been denied by the Court of Common Pleas of Beaver County and the Superior Court of Pennsylvania. Second, the underlying issues

involve real estate within the Commonwealth of Pennsylvania and a resident of this Commonwealth, and real estate issues within this Commonwealth implicate important state interests.  Third, the state court proceedings provide plaintiff an adequate opportunity to raise her federal claims.  Plaintiff is simply attempting to use the federal court as an appellate court of the state court decision denying her requested relief.

Finally, plaintiff has not demonstrated extraordinary circumstances such that deference to state proceedings will present any potential for irreparable harm.  <u>Anthony</u>, 316 F.3d at 418.

Accordingly, for the reasons set forth hereinabove, the Court finds that it would be inappropriate to intervene in the state court matter at this time and plaintiff's Request for Temporary Restraining Order and/or Preliminary Injunction [doc. no. 2] is DENIED.

SO ORDERED this 24th day of September, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties