IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLINA MORACA,

    Plaintiff,

v.

ACCREDITED HOME LENDERS, INC., and
FELIX DeLUCA in his capacity as Sheriff of the
County of Beaver, Pennsylvania,

    Defendants.

07cv1270
**ELECTRONICALLY FILED**

## ORDER OF COURT

Before the Court is the motion by Accredited Home Lenders, Inc., to dismiss plaintiff Carolina Moraca's first amended complaint setting forth claims for: (1) alleged violations of the Fair Debt Collection Practices Act (FDPCA), 15 U.S.C. § 1692; (2) alleged violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.5; (3) alleged quasi-breach of contract/unjust enrichment. After careful consideration of the motion and brief in support, and of plaintiff's response and brief in opposition to the motion to dismiss, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*,

819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of her claims. Accordingly,

**AND NOW,** this 18th day of December, 2007**, IT IS HEREBY ORDERED** that defendant's motion to dismiss (doc. no. 23) **IS DENIED** without prejudice to defendant raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All ECF registered counsel